665

UNITED STATES of America,
a/k/a Seal 1, Plaintiff,

and

Glenn Goodwin, a/k/a Seal 2,
Plaintiff—Appellant,

v.

OLD BALDY COUNCIL OF BOY
SCOUTS OF AMERICA, a/k/a Kerlan
Jobe Orthopaedic Clinic, Defendant—
Appellee.

United States of America, a/k/a
Seal 1, Plaintiff,

and

Glenn Goodwin, a/k/a Seal
2, Plaintiff-Appellee,

v.

Old Baldy Council of Boy Scouts of
America, a/k/a Kerlan Jobe Ortho-
paedic Clinic, Defendant—Appellant.

Nos. 05-55684, 05-55708.

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2007 *.

Filed April 16, 2007.

Gordon A. Jones, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff.

Christine P. Sun, Esq., ACLU Foundation of Southern California, CA, David C. Dinielli, Esq., Linda M. Burrow, Esq.,

Munger Tolles & Olson, LLP, Los Angeles, for Plaintiff–Appellant.

Charles Avrith, Esq., Hughes Hubbard & Reed, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Glenn Goodwin appeals the district court's dismissal of his qui tam suit against Old Baldy Council of the Boy Scouts of America and Old Baldy cross-appeals the district court's denial of its request for attorneys' fees. We affirm.

All the facts necessary to the allegations of fraud were publicly disclosed, whether or not the final contract was disclosed.[1] Accordingly, the district court correctly held that it lacked jurisdiction under 31 U.S.C. § 3730(e)(4)(A).[2]

The district court correctly denied attorneys' fees to Old Baldy. An "award of fees under the False Claims Act is reserved for rare and special circumstances"[3] not present in this case.[4]

AFFIRMED.

___

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. See A–1 Ambulance Serv., Inc. v. California, 202 F.3d 1238, 1245 (9th Cir.2000).

2. Because we affirm the district court's dismissal, we do not reach Old Baldy's alternative argument regarding summary judgment.

3. Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1006-07 (9th Cir.2002).